# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

——————

No. 13-40927

——————

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

NAZARIO GONZALEZ-MEDINA,

Defendant – Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2014

Lyle W. Cayce
Clerk

——————

Appeal from the United States District Court
for the Southern District of Texas

——————

Before JOLLY, GARZA, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

Nazario Gonzalez-Medina appeals his conviction for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a).  On appeal, Gonzalez-Medina contends that he was not required to register as a sex offender because his Wisconsin conviction under Wisc. Stat. § 948.09 for having sexual intercourse with a child age sixteen or older does not qualify as a "sex offense" within the meaning of the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901 *et seq.*  Gonzalez-Medina further contends that SORNA's registration requirement and criminal penalty exceed Congress's authority under the Commerce Clause.  For the reasons articulated below, we AFFIRM Gonzalez-Medina's conviction.

No. 13-40927

## I.

Gonzalez-Medina was born in Mexico in 1979 or 1980 and is a Mexican citizen. On June 24, 2005, he was charged in Wisconsin state court with having sexual intercourse with a child age sixteen or older in violation of Wisc. Stat. § 948.09. He pleaded no contest to the charge and was sentenced to sixty days in jail. Two years later, on November 28, 2007, Gonzalez-Medina was convicted in Texas state court of aggravated assault and sentenced to two years imprisonment. Prior to his release from state prison, Texas authorities informed Gonzalez-Medina of his duty to register as a sex offender for the duration of his lifetime based on his Wisconsin conviction. He signed a sex offender registration form and was later deported to Mexico. Three years later, on September 7, 2012, federal authorities found Gonzalez-Medina in a city jail in San Benito, Texas. A subsequent investigation revealed that he had been living in Texas for over a year and had not updated his sex offender registration after returning to the United States.

On September 25, 2012, a federal grand jury indicted Gonzalez-Medina for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a), and illegal reentry in violation of 8 U.S.C. § 1326(a). Gonzalez-Medina pleaded guilty to the illegal-reentry charge. He then moved to dismiss the failure-to-register charge on the ground that his prior Wisconsin conviction does not qualify as a "sex offense." SORNA defines a "sex offense" as, *inter alia,* "a criminal offense that has an element involving a sexual act or sexual contact with another." *See* 42 U.S.C. § 16911(5)(A)(i). SORNA includes an exception to its definition of "sex offense" for "[a]n offense involving consensual sexual conduct . . . if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." 42 U.S.C. § 16911(5)(C). In his motion, Gonzalez-Medina argued that the court should apply the categorical approach to the age-differential determination in the § 16911(5)(C) exception.

2

No. 13-40927

He further argued that Wisc. Stat. § 948.09 is not a "sex offense" under the categorical approach because it does not include a four-year age differential as an element.

The district court denied the motion, and Gonzalez-Medina waived his right to a jury trial. After a bench trial, the district court found Gonzalez-Medina guilty of failure to register as a sex offender. The court first found that Gonzalez-Medina knowingly failed to register as a sex offender upon his return to the United States in May 2011. The court next found that Gonzalez-Medina had a duty to register because his Wisconsin conviction falls under SORNA's definition of "sex offense" as "a criminal offense that has an element involving a sexual act or sexual contact with another." *See* 42 U.S.C. §16911(5)(A)(i). Finally, the court found that the age-differential exception in § 16911(5)(C) does not apply because the Wisconsin judgment listed Gonzalez-Medina as 24 years old at the time of his Wisconsin offense. The district court rejected application of the categorical approach to analyzing the age-differential language in the § 16911(5)(C) exception as inconsistent with the statutory language and intent of Congress. The court later sentenced Gonzalez-Medina to fifty-one months imprisonment and three years of supervised release on both his illegal-reentry and failure-to-register counts, to run concurrently. Gonzalez-Medina timely appealed. We review a district court's finding of guilt after a bench trial for substantial evidence and its legal conclusions *de novo*. *United States v. Morgan*, 311 F.3d 611, 613 (5th Cir. 2002).

## II.

## A.

Gonzalez-Medina was convicted for violating 18 U.S.C. § 2250(a), which provides a criminal penalty for whoever (1) "is required to register under [SORNA]"; (2) "travels in interstate or foreign commerce . . ."; and (3) "knowingly fails to register or update a registration as required by [SORNA]."

No. 13-40927

Gonzalez-Medina disputes the first element—that he was required to register under SORNA.  SORNA requires an individual to register if he or she is a "sex offender," 42 U.S.C. § 16913(a), and defines "sex offender" as "an individual who was convicted of a sex offense," *id.* at § 16911(1).  SORNA defines "sex offense" expansively as, *inter alia*:

(i)     a criminal offense that has an element involving a sexual act or sexual contact with another; [or]

(ii)    a criminal offense that is a specified offense against a minor[.]

*Id.* at § 16911(5)(A).  SORNA provides exceptions to this definition of "sex offense," including the exception at issue in this case:

(C)     *An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter* if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or *if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.*

*Id.* at § 16911(5)(C) (emphasis added).

On appeal, Gonzalez-Medina contends that the categorical approach applies to the age-differential determination in the § 16911(5)(C) exception, and that his Wisconsin conviction does not qualify as a "sex offense" under the categorical approach because the statute that formed the basis of his conviction does not include a four-year age differential as an element.  *See* Wisc. Stat. § 948.09 ("Whoever has sexual intercourse with a child who is not the defendant's spouse and who has attained the age of 16 years is guilty of a Class A misdemeanor.").  He further contends that, as a result, his Wisconsin offense is broader than SORNA's definition of "sex offense" and he hypothetically could have been convicted despite being less than four years older than the victim.  Under the categorical approach, a court would be limited to comparing the elements of the Wisconsin statute to SORNA's definition of "sex offense," and could not consider the facts underlying the conviction.  *See, e.g.*, *Descamps v. United States*, —U.S.—, 133 S. Ct. 2276, 2281 (2013).   The government

4

No. 13-40927

responds that the text and purpose of SORNA indicate that Congress intended courts to be able to look at the factual circumstances of the conviction, rather than just the statutory elements, in determining the age differential between the victim and offender for the § 16911(5)(C) exception.

Gonzalez-Medina does not dispute the district court's finding that his Wisconsin conviction falls within SORNA's definition of "sex offense" as "a criminal offense that has an element involving a sexual act or sexual contact with another." *See* 42 U.S.C. § 16911(5)(A)(i). Nor does he dispute the district court's finding that he was in fact more than four years older than the victim at the time of his Wisconsin offense. Additionally, the parties appear to agree that if the categorical approach applies to the age differential in § 16911(5)(C), Gonzalez-Medina's Wisconsin conviction does not qualify as a "sex offense" because the Wisconsin statute does not include a four-year age differential as an element. Accordingly, the sole issue on appeal is whether the categorical approach applies to the four-year age differential in the § 16911(5)(C) exception.[1] For the following reasons—based on the language, structure, and broad purpose of SORNA—we conclude that Congress contemplated a non-categorical approach to the age-differential determination in the § 16911(5)(C) exception.

### B.

We start with the language of the statute. At the outset, SORNA defines a "sex offender" as "an individual who was *convicted of* a sex offense." 42 U.S.C. § 16911(1) (emphasis added). Courts have held, particularly in the context of criminal sentencing and immigration law, that the use of the term "convicted"

---

[1] Contrary to the dissent's implication, this court need not decide the applicability of the categorical approach to the phrase "involving consensual sexual conduct" in the (5)(C) exception, as the parties do not raise this issue on appeal. For the same reason, this court need not decide the applicability of the categorical approach to the definitions of "sex offense" in 42 U.S.C. § 16911(5)(A).

can signal a categorical analysis. *See Taylor v. United States*, 495 U.S. 575, 600-01 (1990) (noting that the term "conviction," rather than "committed," in the Armed Career Criminal Act ("ACCA") requires an examination of the statute of conviction rather than any underlying facts); *James v. United States*, 550 U.S. 192 (2007) (applying the categorical approach to the residual clause of the definition of "violent felony" in the ACCA); *see also Moncrieffe v. Holder*, —U.S.—, 133 S. Ct. 1678, 1685 (2013) ("'Conviction' is 'the relevant statutory hook.'"); *Silva-Trevino v. Holder*, 742 F.3d 197, 201-02 (5th Cir. 2014). Accordingly, SORNA's use of the term "convicted" might trigger the categorical approach, at least to some extent, in determining if a defendant has been "convicted of" a sex offense.

The use of the term "convicted," however, is not always determinative. For instance, in *Nijhawan v. Holder*, 557 U.S. 29, 32 (2009), the Supreme Court interpreted an immigration statute that rendered deportable any alien "*convicted of* an aggravated felony at any time after admission." (quoting 8 U.S.C. § 1227(a)(2)(A)(iii)) (emphasis added). The statute defined "aggravated felony" as, *inter alia,* "an offense that . . . involves fraud or deceit *in which the loss to the victim or victims exceeds $10,000." Id.* (quoting 8 U.S.C. § 1101(a)(43)(M)(i)) (emphasis added). The Court held that, despite the use of the term "convicted," the italicized language relating to victim loss could be determined based on the particular facts of the case, rather than the categorical approach. *Id.* The Court found a number of factors persuasive, including: (1) the words "in which" modifying "offense" "can refer to the conduct involved '*in*' the commission of the offense of conviction, rather than to the elements *of* the offense"; (2) the "aggravated felony" definition lists certain other offenses that "almost certainly" call for circumstance-specific determinations; and (3) a categorical approach would leave the definition with

"little, if any, meaningful application" as most fraud statutes do not include the relevant $10,000 monetary loss threshold as an element. *Id.* at 37-40.

Similarly, in *United States v. Hayes*, 555 U.S. 415, 418 (2009), the Court interpreted a criminal law prohibiting the possession of a firearm by any person "*convicted of* 'a misdemeanor crime of domestic violence.'" (quoting 18 U.S.C. § 922(g)(9)) (emphasis added).  The statute defined "misdemeanor crime of domestic violence" as a misdemeanor that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, *committed by a current or former spouse . . . .*"  *Id.* at 420 (quoting 8 U.S.C. 921(a)(33)(A)) (emphasis added).    The Court held that the domestic-relationship requirement need not be an element of the predicate statute of conviction and could be determined under the circumstance-specific approach. *Id.* at 418.  The Court looked to the statutory language ("committed by"), the broad Congressional purpose, and the fact that only one-third of states had criminal statutes that specifically proscribed *domestic* violence when the provision was enacted.  *Id.* at 421-29.

Accordingly, here, as in *Nijhawan* and *Hayes*, the use of the term "convicted" is not determinative.  We must look to the language, structure, and purpose of the statutory provision.  *See, e.g.*, *Silva-Trevino*, 742 F.3d at 200-05 (analyzing statutory language, structure, and purpose to determine whether the categorical approach applies to the "crime involving moral turpitude" determination in 8 U.S.C. § 1182(a)(2)(A)(i)).  As described below, a number of considerations, including some of the same considerations present in *Nijhawan* and *Hayes*, weigh against application of the categorical approach to the age-differential determination in the § 16911(5)(C) exception.

First, a comparison of the definition of "sex offense" in § 16911(5)(A)(i) and the exception in § 16911(5)(C) lends support for a non-categorical approach to the age-differential determination in the exception.  Subsection (5)(A)(i)

defines a "sex offense" as "a criminal offense that has an *element* involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(5)(A)(i) (emphasis added). The definition's focus on the "element[s]" of the predicate offense strongly suggests that a categorical approach applies to (5)(A)(i). In contrast, the (5)(C) exception excludes from the definition of "sex offense" an offense "*involving* consensual sexual *conduct* . . . if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." *Id.* at § 16911(5)(C) (emphasis added). The exception contains no reference to the "elements" of the offense. Instead, Congress defined the exception in terms of the "conduct" "involv[ed]" in the "offense." The exception's reference to conduct, rather than elements, is consistent with a circumstance-specific analysis. *See United States v. Byun*, 539 F.3d 982, 992 (9th Cir. 2008) (reasoning that § 16911(7)(I)'s reference to "conduct" suggests that "it is the underlying 'conduct,' not the elements of the crime of conviction, that matter").

Second, the other exception to the definition of "sex offense," located in § 16911(5)(B), calls for a non-categorical analysis. The (5)(B) exception provides that:

> (B) A foreign conviction is not a sex offense for purposes of this subchapter if it was not obtained with sufficient safeguards for fundamental fairness and due process for the accused . . . .

42 U.S.C. § 16911(5)(B). This exception requires an inquiry into facts outside of the statute of conviction and into the circumstances of the country in which the conviction took place. In *Nijhawan*, the Supreme Court found it significant that the statute in question featured other provisions that "almost certainly" called for a non-categorical analysis. 557 U.S. at 37 ("More importantly, however, the 'aggravated felony' statute differs from the ACCA in that it lists certain other 'offenses' using language that almost certainly does not refer to generic crimes but refers to specific circumstances."). Similarly here, that

Congress intended courts to look beyond the statute of conviction for the (5)(B) exception is evidence that Congress may have intended courts to look beyond the statute of conviction for the (5)(C) age-differential exception as well.

Third, other age-specific SORNA provisions similarly appear to call for a circumstance-specific, rather than categorical, approach as to age determinations. *See, e.g.*, 42 U.S.C. § 16911(8); *see also Byun*, 539 F.3d at 993-94 (holding that a non-categorical approach applies as to the victim's age in the § 16911(7) definition of "specified offense against a minor"); National Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38,030, 38,052-53 (July 2, 2008) (interpreting the victim's age to be a circumstance-specific determination in a number of SORNA provisions).

Finally, application of a non-categorical approach to the age differential in the § 16911(5)(C) exception is most consistent with SORNA's broad purpose. Congress enacted SORNA to "protect the public from sex offenders and offenders against children" and to "establish[] a comprehensive national system for the registration of those offenders." 42 U.S.C. § 16901. SORNA's language confirms "that Congress cast a wide net to ensnare as many offenses against children as possible." *United States v. Dodge*, 597 F.3d 1347, 1355 (11th Cir. 2010) (en banc).

Application of the categorical approach to the (5)(C) age-differential determination would frustrate SORNA's broad purpose and restrict SORNA's reach. Gonzalez-Medina contends that a predicate statute of conviction can qualify as a sex offense only if it includes a four-year (or more) age differential as a statutory element. Yet, a significant number of federal and state statutes that fall into SORNA's definition of "sex offense" in § 16911(5)(A) do not include an age differential as an element. *See, e.g.*, 18 U.S.C. § 2251(a) (child pornography); Tex. Penal Code §§ 43.02, 22.011 (statutory rape and child

prostitution).[2]   Of the statutes that do include an age differential as an element, only a fraction include an age differential of four or more years.  *See, e.g.*, Miss. Code Ann. § 97-3-65 (three-year age differential).  Application of the categorical approach in this context would cause statutes without such an age differential as an element to fall outside of SORNA's definition of "sex offense."  We do not believe that Congress intended the age-differential language in the (5)(C) exception to restrict the reach of SORNA in this manner.  *See Nijhawan*, 557 U.S. at 40; *Hayes*, 555 U.S. at 427.

In sum, all of the above considerations support application of a non-categorical approach to the age-differential determination in the (5)(C) exception.

## C.

Gonzalez-Medina contends that the Sixth Amendment concerns present in the sentencing context require a categorical approach to the § 16911(5)(C) age-differential exception.   Gonzalez-Medina asserts that the categorical approach is necessary in order to protect a defendant's right to a jury determination of the four-year age differential.   Gonzalez-Medina cites *Apprendi v. Jersey* for the proposition that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. 466, 490 (2000).  The government represented in its brief and at oral argument that the prosecutor in a failure-to-register prosecution under 18 U.S.C. § 2250(a) is required to prove beyond a reasonable doubt to the jury (or to the court in the case of a jury-waived trial) that the criteria for the (5)(C) exception are not met, including the four-year age

---

[2] Although the dissent focuses on the fact that over half of states have statutory rape laws that include an age differential, the language of the (5)(C) exception does not restrict its application to statutory rape offenses.

differential, thus eliminating any Sixth Amendment concerns. *See Nijhawan*, 557 U.S. at 40; *Hayes*, 555 U.S. at 426.[3]

Gonzalez-Medina further contends that the age-differential exception is ambiguous as to whether the categorical approach applies and the rule of lenity requires that the ambiguity be resolved in his favor. "[T]he rule of lenity only applies if, after considering the text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *United States v. Castleman*, —U.S.—, 134 S. Ct. 1405, 1416 (2014) (quoting *Barber v. Thomas*, 560 U.S. 474, 488 (2010)). For the reasons above, the (5)(C) exception does not rise to the level of a "grievous ambiguity," requiring this court to "simply guess as to what Congress intended." Instead, the language, structure, and broad purpose of SORNA all indicate that Congress intended a non-categorical approach to the age-differential determination in (5)(C).

We therefore hold that a non-categorical approach applies for purposes of determining the age differential in the § 16911(5)(C) exception. A four-year age differential need not be an element of the predicate offense. In this case, the government presented evidence, and Gonzalez-Medina did not dispute, that he was in fact more than four years older than the victim at the time of his Wisconsin offense. Accordingly, the district court properly found that the (5)(C) exception does not apply and that Gonzalez-Medina was required to register as a sex offender.

---

[3] Gonzalez-Medina also contends that application of the categorical approach avoids the "practical difficulties and potential unfairness" of relitigating facts related to a prior conviction years later in a subsequent criminal proceeding. *See Taylor*, 495 U.S. at 601. This concern, however, is less pressing where the disputed fact in the subsequent criminal proceeding is limited to the age of the victim and offender at the time of the prior offense. Ordinarily, age can be ascertained from documentary evidence or brief witness testimony.

No. 13-40927

## III.

In his second issue on appeal, Gonzalez-Medina contends that SORNA's criminal penalty and civil registration requirement exceed Congress's power under the Commerce Clause. Gonzalez-Medina acknowledges that his challenge is foreclosed by *United States v. Whaley*, 577 F.3d 254 (5th Cir. 2009). In *Whaley*, this court held that SORNA's criminal penalty under 18 U.S.C. § 2250(a)(2)(B) falls within Congress's power to regulate the channels of interstate commerce. *Id.* at 258. This court further held that SORNA's civil registration requirement falls within Congress's power under the Commerce Clause and the Necessary and Proper Clause as a means of "furthering the goal of preventing offenders from 'slipping through the cracks' by changing jurisdictions." *Id.* at 260. We may not overturn the prior decision of another panel of our court absent an intervening change in law, such as a statutory amendment or a contrary or superseding decision by either the Supreme Court or this court *en banc*. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). Gonzalez-Medina does not assert that there has been an intervening change in law after the *Whaley* decision. Accordingly, we have no occasion to revisit *Whaley* in this case.[4]

## IV.

For the foregoing reasons, we AFFIRM the district court's judgment and Gonzalez-Medina's conviction for failure to register as a sex offender under 18 U.S.C. § 2250(a).

---

[4] Gonzalez-Medina also states that if the court vacates his SORNA conviction, the court should vacate his sentence for his illegal-reentry charge to allow the government and district court to consider an additional one-level reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1(b). Because we affirm Gonzalez-Medina's SORNA conviction, we need not reach this request. Furthermore, we perceive no error in the district court's award of a two-level, rather than three-level, reduction for acceptance of responsibility under § 3E1.1. *See United States v. Kleinebreil*, 966 F.2d 945, 952-53 (5th Cir. 1992).

No. 13-40927

EMILIO M. GARZA, Circuit Judge, dissenting:

The majority holds that when determining whether an individual's prior sex offense conviction falls within the Sex Offender Registration and Notification Act ("SORNA")'s consensual-sex exception, courts may undertake an independent factual inquiry into the ages of the offender and victim at the time of the offense. Respectfully, I disagree. I would instead hold that the consensual-sex exception requires courts to apply the categorical approach, which does not permit examination of the facts underlying a defendant's prior conviction. Because the categorical approach compels the conclusion that Gonzalez-Medina was not convicted of a SORNA "sex offense," I would vacate his conviction for failure to register.

**I**

When we are asked to determine whether an individual's prior state conviction constitutes a generic offense provided in a federal statute, we generally apply the categorical approach. *See United States v. Espinoza*, 733 F.3d 568, 571 (5th Cir. 2013). Under this approach, courts ask only whether the elements of the prior state offense correspond to the elements of the generic federal offense—that is, whether the prior conviction "necessarily implies" that the individual is "guilty of all the elements of [the generic offense]."[1] *See Taylor v. United States*, 495 U.S. 575, 599 (1990) (applying categorical approach in determining whether prior offense triggers sentencing enhancement under Armed Career Criminal Act ("ACCA")). Even when state offenses are broader than the generic federal offense, courts still must look only to "the statutory

---

[1] For simplicity's sake, I use "categorical approach" here to refer to both the categorical and modified categorical approaches, since the latter "merely helps implement the categorical approach when a [petitioner] was convicted of violating a divisible statute." *See Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). As the Government recognizes, the Wisconsin statute at issue here is not divisible, so the modified categorical approach is inapplicable.

definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id.* at 600.

At the outset, it is important to grasp the specific distinctions between SORNA and the Wisconsin statute.  SORNA imposes federal criminal liability on any person who, having been "convicted of a sex offense," fails to register in his jurisdiction of residency.  *See* 42 U.S.C. § 16911(1); *id.* § 16913(a); 18 U.S.C. § 2250(a).  The statute excludes from its "sex offense" definition any "offense involving consensual sexual conduct" in which the victim was "at least 13 years old and the offender was not more than 4 years older than the victim."  42 U.S.C. § 16911(5)(C).  By contrast, the Wisconsin statute under which Gonzalez-Medina was convicted in 2005 imposes misdemeanor criminal liability on an individual who has "sexual intercourse with a child . . . who has attained the age of 16 years . . . ."  Wisc. Stat. § 948.09.[2]  Unlike SORNA, the Wisconsin statute contains no non-consent element or age differential; that is, it does not exempt offenses involving "consensual sexual conduct" in which the victim was "at least 13 years old and the offender was not more than 4 years older than the victim."  42 U.S.C. § 16911(5)(C).

Because of these distinctions, the majority recognizes and the parties agree that if SORNA's consensual-sex exception is evaluated under the categorical approach, then Gonzalez-Medina had no obligation to register under SORNA.  *Ante* at 5.  Because the Wisconsin statute lacks a consensual-sex exception, it criminalizes a different range of conduct than does SORNA.  Thus, Gonzalez-Medina's Wisconsin conviction does *not* "necessarily impl[y]" that he is "guilty of all the elements" of a SORNA sex offense.  *Taylor*, 495 U.S. at 599.  Accordingly, the Government can neither prove that Gonzalez-Medina

---

[2] A "child" is "a person who has not attained the age of 18 years."  Wisc. Stat. § 948.01(1).

is "an individual who was convicted of a sex offense" under SORNA, 42 U.S.C. § 16911(1), nor penalize him for failing to register, 18 U.S.C. § 2250(a).

Under the categorical approach, because Gonzalez-Medina was not convicted of a sex offense under SORNA, he cannot be criminally liable for failing to register as a sex offender. This should be the end of our inquiry.

## II

The majority, however, does not apply the categorical approach. Rather, today's opinion relies on cases in which the Supreme Court concluded that a strictly categorical approach would not be faithful to the statutory text and Congressional intent.[3] However, the majority misapplies these precedents and thus erroneously departs from the categorical approach.

The majority first emphasizes that the text of the consensual-sex exception refers to "an offense *involving* consensual sexual *conduct*," rather than to general statutory elements. 42 U.S.C. § 16911(5)(C) (emphasis added); *see ante* at 8. To be sure, the Supreme Court has explained that a statute's focus on specific factual circumstances "in which" an offense occurred can counsel against the categorical approach. *Nijhawan*, 557 U.S. at 38–39 (quoting 8 U.S.C. § 1101(a)(43)(M)(i)). But the majority overlooks the Court's reasoning in *James v. United States*, 550 U.S. 192 (2007), which involved statutory language substantially more similar to SORNA's consensual-sex exception. In *James*, the Court applied the categorical approach to the ACCA's

---

[3] *See Nijhawan v. Holder*, 557 U.S. 29, 38–40 (2009) (applying "circumstance-specific" approach when text of federal statute focuses on facts underlying a prior conviction, rather than merely elements of that offense, and when practical consequences of applying the categorical approach would undermine legislative purpose); *United States v. Hayes*, 555 U.S. 415, 426 (2009) (holding that Government can prove that prior offense was "misdemeanor crime of domestic violence" by establishing victim's relationship to offender as factual matter, without relying solely on elements of statute). I further observe that aside from *Hayes*, the Supreme Court has not deployed the circumstance-specific approach in applying a criminal statute such as SORNA; *Nijhawan* involved a noncitizen's removability. *See Nijhawan*, 557 U.S. at 33.

residual clause defining a "violent felony" as including an offense that "otherwise *involves conduct* that presents a serious potential risk of physical injury to another." *James*, 550 U.S. at 196 (emphasis added). Given the similarity between the ACCA's language in *James* and the consensual-sex exception's reference to offenses "*involving* consensual sexual *conduct*," I would follow *James* and apply the categorical approach. 42 U.S.C. § 16911(5)(C) (emphasis added).

The majority next reasons that the consensual-sex exception requires a circumstance-specific approach because such an approach almost certainly applies to an adjacent exception concerning whether a "foreign conviction . . . was not obtained with sufficient safeguards for fundamental fairness and due process." 42 U.S.C. § 16911(5)(B), *see ante* at 8. Even assuming that the majority's reading of the (5)(B) foreign conviction exception is correct, I would not conclude that the two exceptions' proximity mandates a circumstance-specific approach.

The *Nijhawan* Court explained that "[w]here . . . Congress uses similar statutory language and similar statutory structure in two adjoining provisions, it normally intends similar interpretations." *Nijhawan v. Holder*, 557 U.S. 29, 39 (2009). In that case, the Court considered a provision of the Immigration and Nationality Act ("INA") that defined an "aggravated felony" to include:

> an offense that—
> (i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or
> (ii) is described in section 7201 of Title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000 . . . .

8 U.S.C. § 1101(a)(43)(M). The Court first determined that subparagraph (M)(ii) must require a circumstance-specific approach: Because no offense "described in section 7201 of title 26" has a loss amount as an element, the

categorical approach would render the tax-evasion provision "pointless." *Nijhawan*, 557 U.S. at 38. Turning to subparagraph M(i), the Court then explained that "it is identical in structure to [M(ii)]," and uses "similar statutory language." *Id.* at 38–39. Although the Court did not expressly enumerate these "similar" features, it likely found salient the parallel phrases "in which" and the express specifications of an amount of loss.[4]

By contrast, the SORNA exceptions here do not share substantially similar "statutory language" or "structure." *Id.* at 39. The consensual-sex exception at issue here and its preceding provision appear as follows:

> (B) Foreign convictions
> A foreign conviction is not a sex offense for the purposes of this subchapter if it was not obtained with sufficient safeguards for fundamental fairness and due process for the accused under guidelines or regulations established under section 16912 of this title.
> (C) Offenses involving consensual sexual conduct
> An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

42 U.S.C. § 16911(5). Here, the two exceptions do not employ any similar language beyond the phrase "is not a sex offense." Likewise, the structure of

---

[4] Additionally, the majority misunderstands *Nijhawan*'s reasoning: The *Nijhawan* Court did not simply conclude that "other provisions" in the statute called for a circumstance-specific approach. *Ante* at 8. This principle would require courts to scour a statute to determine whether categorical or circumstance-specific approaches should be applied anywhere else, and when different provisions require different approaches, courts would be left wondering "to which category [the provision at issue] belongs." *Nijhawan*, 557 U.S. at 38. Rather, the Court ultimately relied on an immediately "adjoining provisio[n]" that called for a circumstance-specific approach and—crucially—that shared similar language and structure. *Id.* at 39.

the two exceptions is similar only insofar as both employ a conditional clause beginning with "if . . . ."  In short, I see no similarities in these provisions' text and structure so compelling as to warrant importing the circumstance-specific approach from subparagraph (5)(B) to (5)(C). *Cf. Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 825 (2013) (rejecting argument that statutory provision is jurisdictional by virtue of proximity to other jurisdictional requirements).

Third, the majority looks to two persuasive authorities—the Ninth Circuit decision in *United States v. Byun*, 539 F.3d 982 (9th Cir. 2008), and Department of Justice Guidelines.  *See ante* at 9.  But these authorities do not bind this Court and, in any event, concern entirely different statutory provisions and language.  Thus, they do not determine the outcome in this case. *See, e.g., Byun*, 539 F.3d at 991 (reasoning that the word "committed," in contrast to "convicted," counsels in favor of circumstance-specific approach under 42 U.S.C. § 16911(3)(A)).

Fourth, the majority asserts that SORNA's broad purpose of creating a "comprehensive national system for the registration of [sex] offenders" requires a circumstance-specific approach.  *See ante* at 9 (quoting 42 U.S.C. § 16901). This purpose, the majority claims, would be dramatically undermined by the categorical approach, since many state sex offense statutes do not contain a four-year age-differential exception consistent with SORNA's.  To be sure, both the *Nijhawan* and *Hayes* Courts surveyed state laws and concluded that because the categorical approach would render the federal law inapplicable in a substantial majority of states, Congress must have intended courts to take a circumstance-specific approach.[5]  However, over half of the states have age-

---

[5] In *Nijhawan*, the Court opted for a circumstance-specific approach when only eight states had fraud statutes with a monetary threshold consistent with that of the federal offense.  *See Nijhawan*, 557 U.S. at 40 ("We do not believe Congress would have intended (M)(i) to apply in so limited and so haphazard a manner.").  Similarly, in *Hayes*, the Court concluded that because only about one-third of states had statutes specifically criminalizing

differential exceptions in their statutory rape laws.[6]  Thus, SORNA's purpose would not be eviscerated by our applying the categorical approach.

The majority further submits that both parties understate the categorical approach's potential impact on SORNA because "the language of the (5)(C) exception does not restrict its application to statutory rape offenses." *Ante* at 10 n.2.  To be sure, general sexual assault offenses (involving non-minors) do not require that the offender and victim be of any particular age. But even under the categorical approach, so long as the lack of consent is an element of the state sex offense, the offender will not fall within SORNA's consensual-sex exception.  Although the parties have not briefed the issue, according to one treatise, "slightly less than half of the states" require the lack of consent as an element of rape, while others require "force" or "compulsion." *See* 2 Subst. Crim. L. § 17.4 (2d ed. 2013).  While the categorical approach would exclude convictions in these "force" jurisdictions from SORNA's registration requirement, in light of the many states that do require non-consent, SORNA would, again, not be rendered "pointless." *Nijhawan*, 557 U.S. at 38; *see also* Tex. Penal Code § 22.011(a)(1) (criminalizing sex acts

---

domestic violence, a provision of the Gun Control Act of 1968, 18 U.S.C. § 922(g)(9), prohibiting firearm possession by a person convicted of a "misdemeanor crime of domestic violence" would have been a "dead letter" in the remaining two-thirds of the states. *Hayes*, 555 U.S. at 427.

[6] The Government recognizes that at least in 2004, twenty-seven states defined sex offenses against minors with reference, in part, to age differentials. *See generally* The Lewin Group, *Statutory Rape: A Guide to State Laws and Reporting Requirements* 8 (2004). Additionally, I note that in adopting a circumstance-specific approach, this Court has previously reasoned that the "categorical approach would render the crime of domestic violence as a basis for removal [of a noncitizen] under [8 U.S.C. §] 1227(a)(2)(E)(i) inapplicable in about one-half of the States." *Bianco v. Holder*, 624 F.3d 265, 272 (5th Cir. 2010).  In *Bianco*, however, the panel relied substantially on the Supreme Court's circumstance-specific approach in *Hayes*, which happened also to apply a circumstance-specific approach in evaluating the generic federal crime of domestic violence. *See id.* at 271–73 (applying *Hayes*).  I therefore do not understand *Bianco* (or the Supreme Court's precedents) to establish a rigid bright-line rule on the number of states whose laws would not fit the elements of a federal statute, thus triggering the circumstance-specific approach.

## No. 13-40927

committed with "another person . . . without that person's consent"); N.Y. Penal Law § 130.20 (defining sexual misconduct as a sexual act committed "with another person without such person's consent"); Cal. Penal Code § 261(a) (defining rape as sexual intercourse "against a person's will" or committed when other cannot consent).

Absent clearer statutory language or legislative intent mandating otherwise, the categorical approach must govern. Congress, by choosing to base SORNA's registration requirement on prior state convictions, acted with full awareness of the potential effects of disparate state sex offense regimes.[7] If Congress wishes to broaden SORNA's scope and remedy inconsistencies across states, it may certainly choose to do so.

### III

While the majority makes much of the Supreme Court's circumstance-specific approach in *Nijhawan*, scant attention is paid to our subsequent decision in *Silva-Trevino v. Holder*, 742 F.3d 197 (5th Cir. 2014), which clarified our application of *Nijhawan*. In *Silva-Trevino*, the BIA permitted consideration of evidence beyond the record of conviction in determining whether a noncitizen had been convicted of a "crime involving moral turpitude" under the INA, 8 U.S.C. § 1182(a)(2)(A)(i). We rejected this approach, instead applying the categorical approach. We concluded that *Nijhawan* did not govern since the aggravated felony fraud provision in that case defined "a subset of a category of convictions"—fraud and deceit resulting in a loss of at least $10,000. *Id.* at 204. By contrast, because the broad category of "crime involving moral turpitude" contained "no such subset," we had "no . . . permission to abandon the categorical approach." *Id.*

---

[7] Further, as Gonzalez-Medina notes, in most states, where the age of consent is sixteen, he would not even have been convicted for engaging in consensual sexual activity with a sixteen year-old.

No. 13-40927

Here, like the statute in *Silva-Trevino*, SORNA establishes a broad category of "sex offenses" that trigger the registration requirement. The consensual-sex exception does not establish a "subset" of offenses, *id.* at 204; rather, it merely carves out an exclusion from this broad category. In light of our reasoning in *Silva-Trevino*, the majority's reliance on *Nijhawan* is misguided.

Additionally, the majority understates the circumstance-specific approach's potential to spawn unwieldy re-litigation of past convictions under the consensual-sex exception. This practical concern is one of the primary rationales animating the categorical approach, which strictly limits the means by which federal courts may determine whether prior convictions fit within generic federal offenses. *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1690–91 (2013).

The majority claims that the concern for resource-consuming re-litigation is "less pressing where the disputed fact . . . is limited to the age of the victim and offender at the time of the prior offense," because "age can be ascertained from documentary evidence or brief witness testimony." *Ante* at 11 n.3. Indeed, the ages of the offender and victim are at the center of this particular dispute, and if the Government would need to prove only these additional facts to establish that a SORNA defendant is a federal sex offender, then there would be somewhat less reason to fear the specter of mini-trials.

Yet proof of the age differential aside, the majority overlooks the first component of the exception, which refers to "offense[s] involving consensual sexual conduct." 42 U.S.C. § 16911(5)(C). While the parties have not briefed at length the issue of consent, it is cause for concern under the circumstance-specific approach. As the Government recognizes, lack of consent is neither an element of nor a defense to liability under statutory rape laws, to which the consensual-sex exception applies. The text of the exception plainly

21

contemplates that a victim who is "at least 13 years old" could be capable of engaging in "consensual sexual conduct," if the offender is "not more than 4 years older than the victim." 42 U.S.C. § 16911(5)(C). Thus, there is a real possibility that federal courts, applying a circumstance-specific approach, will need to grapple with the difficult question of consent—years (or decades) after the events giving rise to the original state conviction.[8] Rather than forcing district courts down this uncertain path, adopting the categorical approach would minimize "the practical difficulties and potential unfairness of a factual approach." *Taylor*, 495 U.S. at 601. In the interim, Congress could develop a longer-term solution, for ultimately, it is the task of that elected body, and not the courts, to effect and refine the aims of SORNA.[9]

---

[8] For instance, under the majority's circumstance-specific approach, a seventeen-year-old offender convicted of sexually assaulting a thirteen-year-old victim would satisfy the exception's age-differential requirement. But the Government, as it concedes, would still need to prove beyond a reasonable doubt that the offense did *not* involve "consensual sexual conduct." Consent is a potential problem for Gonzalez-Medina as well, since under the categorical approach, the lack of consent as an element of statutory rape might undermine SORNA's applicability to statutory rapists. *See, e.g.*, Miss. Code Ann. § 97-3-65 (statutory rape). In response, he essentially submits that lack of consent is an *implied* element of statutory rape because state laws presume minor victims of statutory rape to be incapable of giving consent. *See, e.g.*, *United States v. Rodriguez*, 711 F.3d 541, 561 (5th Cir. 2013) ("For these reasons, we conclude that the 'generic, contemporary meaning' of 'statutory rape' sets the age of consent as a person under the age of majority as defined by statute."). Thus, by Gonzalez-Medina's logic, the categorical approach would *not* exclude a statutory rapist from SORNA's registration requirement unless he comes within the age-differential exception (as determined by examining only the elements of the state sex offense law). While today's case does not require us to resolve the complex issue of consent, adopting the circumstance-specific approach could require future courts to take on a difficult task.

[9] The majority professes not to reach the question of "the applicability of the categorical approach to the phrase 'involving consensual sexual conduct' in the (5)(C) exception." *Ante* at 5 n.1. This claim is belied by the majority's relying on this very phrase to conclude that "[t]he exception's reference to conduct, rather than elements, is consistent with a circumstance-specific analysis." *Ante* at 8. In any event, the majority fails to explain how a future court could ever conclude in a principled manner that while, under today's decision, a circumstance-specific approach governs the age differential, a categorical approach applies to the "consensual sexual conduct" phrase in the very same statutory provision. *See* 42 U.S.C. 16911(5)(C). As explained above, *supra* note 8, this case does not require us to discuss exhaustively the implications of either a categorical or circumstance-specific approach for the phrase "consensual sexual conduct." However, the majority is

No. 13-40927

**IV**

The SORNA consensual-sex exception is governed by the categorical approach. Under that approach, because the Wisconsin statute did not contain a comparable exception, the Government failed to prove beyond a reasonable doubt that Gonzalez-Medina was convicted of a "sex offense" as defined in SORNA. Accordingly, Gonzalez-Medina's SORNA conviction must be vacated.

Respectfully, I dissent.

---

mistaken in implying that its opinion leaves open the question of whether a categorical or circumstance-specific approach *applies to this phrase at all.* After today's decision, a circumstance-specific approach governs the consensual-sex exception in its entirety—including both the phrase "consensual sexual conduct" and the age differential.